**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Ines Diaz Villafana (State Bar No. 354099)
Karen B. Valenzuela (State Bar No. 357231)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
idiaz@bursor.com
kvalenzuela@bursor.com

*Proposed Interim Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANNA BAYER and JOSHUA MOKELU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GARZA FOOD VENTURES, LLC d/b/a SIETE FAMILY FOODS<br><br>Defendant. | Case No. 3:26-cv-08455-TLT<br><br>**NOTICE OF MOTION AND MOTION TO APPOINT BURSOR & FISHER, P.A. AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date: January 19, 2027<br>Time: 2:00 p.m.<br>Courtroom: 9 – 19th Floor<br>Judge: Trina L. Thompson |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2027, at 2:00 p.m., or as soon thereafter as counsel may be heard before the Honorable Trina L. Thompson, in Courtroom 9 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Joanna Bayer and Joshua Mokelu ("Plaintiffs") will and hereby do move the Court for an order appointing Ines Diaz Villafana of Bursor & Fisher, P.A. ("Bursor & Fisher) as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Ines Diaz Villafana, any oral arguments to be made at the hearing on this motion, and the Proposed Order submitted herewith, and any other matter the Court may wish to consider.

**CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should appoint Ines Diaz Villafana of Bursor & Fisher as Interim Class Counsel pursuant to Fed. R. Civ. P. 23(g).

Dated: September 15, 2026,

Respectfully submitted,

**BURSOR & FISHER, P.A.**

/s/ *Ines Diaz Villafana*
Ines Diaz Villafana

Neal J. Deckant (State Bar No. 322946)
Ines Diaz Villafana (State Bar No. 354099)
Karen B. Valenzuela (State Bar No. 357231)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
idiaz@bursor.com
kvalenzuela@bursor.com

*Proposed Interim Class Counsel*

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. Overview of Plaintiffs' Allegations ........ 1

III. PROCEDURAL HISTORY ........ 2

IV. APPLICABLE LAW ........ 2

V. ARGUMENT ........ 4

A. PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS AND SHOULD BE APPOINTED INTERIM CLASS COUNSEL ........ 4

1. Proposed Interim Class Counsel Thoroughly Investigated the Underlying Facts (Rule 23(g)(1)(A)(i)) ........ 4

2. Proposed Interim Class Counsel Has Extensive Experience with Deceptive Advertising Class Actions and Substantial Knowledge of the Applicable Laws (Rule 23(g)(1)(ii)-(iii)) ........ 5

3. Proposed Interim Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv) ........ 8

VI. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Delaney v. Sensa Products, LLC*,
2015 WL 13828624 (S.D. Cal. Apr. 13, 2015) .......... 3, 5

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014) .......... 5, 6, 7

*Forcellati v. Hyland's, Inc.*,
2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) .......... 5, 7

*Hart v. BHH, LLC*,
2017 WL 2912519 (S.D.N.Y. July 7, 2017) .......... 6

*Imran v. Vital Pharms, Inc.*,
2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) .......... 2

*In re Enzo Biochem Data Sec. Litig.*,
2023 WL 6385387 (E.D.N.Y. Sept. 29, 2023) .......... 8

*In re Municipal Derivatives Antitrust Litig.*,
252 F.R.D. 184 (S.D.N.Y. 2008) .......... 3, 5

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. 2015) .......... 5, 7

*In re Stubhub Refund Litig.*,
2020 WL 8669823 (N.D. Cal. Nov. 18, 2020) .......... 2

*In re Trader Joe's Tuna Litigation*,
2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) .......... 3

*Kaupelis v. Harbor Freight Tools USA, Inc.*,
2020 WL 5901116 (C.D. Cal. Sept. 23, 2020) .......... 6

*Martinelli v. Johnson & Johnson*,
2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) .......... 6

*Melgar v. Zicam LLC*,
2016 WL 1267870 (E.D. Cal. Mar. 31, 2016) .......... 7, 8

*Mogull v. Pete and Gerry's Organics, LLC*,
2022 WL 4661454 (S.D.N.Y. Sept. 30, 2022) .......... 5

*Perez v. Rash Curtis & Associates*,
2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) .......... 7

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .......... 2

Cal. Bus. & Prof. Code § 17500 .......... 2

Cal. Civ. Code § 1750 .......... 2

**RULES**

Fed. R. Civ. P. 23 .......... 3, 5, 6

Fed. R. Civ. P. 23(g) .......... passim

**OTHER AUTHORITIES**

FED. PRAC. § 23.12 .......... 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a case involving a theory of liability where Plaintiffs' counsel, Bursor & Fisher, P.A., was the first to file against Garza Food Ventures, LLC d/b/a Siete Family Foods ("Defendant" or "Siete") alleging that Siete falsely and deceptively advertised its avocado oil chip products: its Kettle Cooked Sea Salt Potato Chips and its Maíz Sea Salt Corn Tortilla Chips (collectively, the "Products") as being made with avocado oil. Bursor & Fisher has been recognized by courts in this District for its experience litigating complex class actions like this one—including to trial—and its undersigned California-based team has extensive experience litigating false advertising class actions, including in front of this Court. Additionally, the firm boasts the resources of a 30+ lawyer firm.

Fed. R. Civ. P. 23(g)(3) provides for the appointment of interim class counsel based on the evaluation of factors listed below. Every factor overwhelmingly favors Bursor & Fisher. Thus, for the reasons set forth below, Plaintiffs Bayer and Mokelu respectfully move for an order appointing Bursor & Fisher as Interim Class Counsel.

## II. BACKGROUND

### A. Overview of Plaintiffs' Allegations

This class action arises from Defendant's deceptive and unlawful advertising of its Products, which it prominently and unequivocally represents are made with "Avocado Oil" when the Products are actually made with undisclosed, cheap refined oils. ECF No. 1 (Complaint), ¶¶ 1-4. Independent peer-reviewed scientific testing conducted by food scientists found that the Products were compositionally inconsistent with containing authentic avocado oil. *Id.* ¶ 4. Instead, the oil recovered from the Products bore the compositional signature of cheap, refined seed oils. *Id.* The testing found that the oil adulteration was widespread in Defendant's Products. *Id.*

Avocado oil is a premium ingredient and consumers pay a premium for products made with it. *Id.* ¶ 5. Had Plaintiffs known that the Products were not made with avocado oil as expressly represented, and that the Products contained undisclosed, cheap, refined seed oils, they would not have purchased the Products, or would have paid substantially less for them. *Id.* Based on

Defendant's widespread adulteration, Defendant has violated California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq*.; California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.; breached its express warranty; and has been unjustly enriched at Plaintiffs' and Class Members' expense. *Id*. ¶ 6.

## III. PROCEDURAL HISTORY

On August 14, 2026, Bursor & Fisher filed the first case concerning Defendant's deceptive advertising of its Products captioned *Bayer v. Garza Food Ventures, LLC*, Case No. 3:26-cv-08455-TLT (N.D. Cal.) (the "*Bayer* Action").

On August 18, 2026, Plaintiff Debra Bachman filed the action *Bachman v. Garza Food Ventures, LLC*, Case No. CGC26640067 in the Superior Court for the State of California, San Francisco County (the "*Bachman*" Action"). On August 20, 2026, a case captioned *Jung v. Garza Food Ventures, LLC*, Case No. 3:26-cv-02179 (M.D. Fla.) was filed in the Middle District of Florida (the "*Jung* Action"). Both the *Bachman* and *Jung* actions involve nearly identical allegations and legal theories as those first alleged by Bursor & Fisher in the *Bayer* Action.

## IV. APPLICABLE LAW

The appointment of interim class counsel is recommended early in the litigation, prior to class certification to protect the interests of the putative class. *See* Fed. R. Civ. P. 23(g); Annotated Manual for Complex Litigation (4th ed. 2006) (the "MANUAL"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification). Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." *In re Stubhub Refund Litig.*, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (quoting Fed. R. Civ. P. 23(g)(2)(A)). Early class counsel appointments are particularly important where, as here, other cases have been filed by other counsel, including in other districts. *See, e.g.*, *Imran v. Vital Pharms, Inc.*, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019). "Courts typically look to the [Rule 23(g)(3)] factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Stubhub Refund*

*Litig.*, 2020 WL 8669823, at *1 (citation omitted). These factors are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Courts that have construed Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (cleaned up). Further, the Notes contemplate "that in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

As stated in the MANUAL, the Court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." MANUAL at § 10.22. Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221. Although neither Rule 23 nor the Notes expressly say so, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *In re Trader Joe's Tuna Litigation*, 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016). In general, a class is fairly and adequately represented where counsel is qualified, experienced and generally capable of conducting class action litigation. *Delaney v. Sensa Products, LLC*, 2015 WL 13828624, at *3 (S.D. Cal. Apr. 13, 2015). Each of these considerations supports the appointment of Bursor & Fisher as lead interim class counsel.

## V. ARGUMENT

### A. PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS AND SHOULD BE APPOINTED INTERIM CLASS COUNSEL

#### 1. Proposed Interim Class Counsel Thoroughly Investigated the Underlying Facts (Rule 23(g)(1)(A)(i))

While no one factor under Fed. R. Civ. P. 23(g)(1) "should necessarily be determinative" (*see* Advisory Committee Notes (2003)), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.

MOORE'S FED. PRAC. § 23.120(3)(a) (3d. Ed. 2007). Here, Bursor & Fisher's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed classes. This work thus far includes but is not limited to:

(i) ascertaining the adequacy of Plaintiffs Bayer and Mokelu to represent the proposed classes;

(ii) evaluating Defendant's likely defenses based on extensive factual and legal research;

(iii) researching potential legal claims arising from Defendant's deceptive advertising;

(iv) drafting and serving a notice letter to Defendant regarding the claims alleged in the Complaint;

(v) drafting and filing the Complaint in this action, well before both the *Bachman* and *Jung* Actions; and

(vi) drafting and serving Requests for Production on Defendant.

Diaz Decl. ¶ 9. These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the

claims alleged in the Complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel. Moreover, courts overwhelmingly recognize that the counsel who completed the pre-filing factual investigation yielding the first-filed complaint is presumptively the best lead counsel. *See e.g.*, *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (interim lead counsel appointed to firm that did most pre-filing work and filed first, finding that subsequent complaints filed by other firms "substantially similar to those initial filings"). Bursor & Fisher, as the first to file, is well equipped to lead this litigation.

**2. Proposed Interim Class Counsel Has Extensive Experience with Deceptive Advertising Class Actions and Substantial Knowledge of the Applicable Laws (Rule 23(g)(1)(ii)-(iii))**

The second and third factors the Court must consider relatedly assess "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," and "counsel's knowledge of the applicable law." Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). As to these factors, Bursor & Fisher absolutely excels. Courts have recognized Bursor & Fisher's credentials and ability to litigate class actions to trial (and win). *See Mogull v. Pete and Gerry's Organics, LLC*, 2022 WL 4661454, at *2 (S.D.N.Y. Sept. 30, 2022) ("Bursor & Fisher has … represented other plaintiffs in more than one hundred class action lawsuits, including several … that proceeded to jury trials in which Bursor & Fisher achieved favorable results for the plaintiffs."); *Delaney*, 2015 WL 13828624, at *3 ("[Bursor & Fisher] has a strong familiarity with consumer protection law and extensive experience in multi-state class actions and other complex litigation.").

As to deceptive advertising in particular, Bursor & Fisher is very well-versed. Bursor & Fisher has won many contested certification motions, including a motion to certify a nationwide class of purchasers of Hyland's cold and flu products, Capatriti 100% Pure Olive Oil, and a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed. *See Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015). *See generally* Declaration of Ines Diaz Villafana ("Diaz Decl.") Ex. A (Bursor & Fisher

Firm Resume). As United States District Judge Jed S. Rakoff of the Southern District of New York recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims including claims against food manufacturers. … The firm has been appointed class counsel in dozens of cases in both federal and state courts and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Ebin*, 297 F.R.D. at 566. More generally, within the past several years, federal courts have appointed Bursor & Fisher to serve as interim class counsel in more than 30 putative class action cases involving a wide variety of false advertising claims. *See* Diaz Decl. Ex. A at 1-3. For example, Judge Maxine Chesney of the Northern District of California appointed Bursor & Fisher as interim class counsel in a class action against Health-Ade, LLC, over objections of a competing plaintiff law firm. Judge Chesney concluded that the attorneys at Bursor & Fisher "have more extensive experience in representing clients in false advertising cases, including a case factually similar to that here, and, in the instant case, have done a considerable amount of prefiling work in an effort to identify and plead potential claims." Diaz Decl. Ex. B (*Bayol v. Health-Ade LLC*, No. 18-cv-1462, ECF No. 43).

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to some of the largest classes ever certified. *See* Diaz Decl. Ex. A at 1. In *Hendricks v. StarKist Co.*, Bursor & Fisher was instrumental in crafting a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions. *See* Diaz Decl. ¶ 3. The firm also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). *See id.* These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *See id.* Such superlative results are the product of consistency, and Bursor & Fisher attorneys routinely win certification of multi-state and nationwide classes. *See Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116, at *1 (C.D. Cal. Sept. 23, 2020) (certifying multi-state class of purchasers of defective chainsaws); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state class of purchasers of Benecol spreads); *Hart v. BHH, LLC*,

2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017) (certifying nationwide and multi-state classes of purchasers pest repellants); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (certifying multi-state classes of purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014). In total, within the past ten years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in almost 50 class actions. *See* Diaz Decl. Ex. A at 1-3.

Equally important, Bursor & Fisher has proven that it can – and will – take cases to trial if necessary, having won multi-million-dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. Diaz Decl. ¶ 5. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a CLRA claim. *Id.* Also, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.* Notably, in May 2019, Bursor & Fisher won a trial verdict, resulting in a class judgment of $267 million in a case pending in this District. *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result").

Proposed Interim Class Counsel have a long track record of successfully litigating large-scale consumer and complex class actions, some before this Court, and are familiar with this Court's rules and procedures. They are also deeply knowledgeable about the law applicable to the instant case, having extensive experience litigating deceptive advertising cases. *See supra* pp. 6-7. Moreover, Proposed Interim Class Counsel are presently litigating and have won substantive decisions in many statutory consumer class action cases concerning consumer fraud. *See generally* Diaz Decl. Ex. A. This work has provided Proposed Interim Class Counsel with specific experience regarding the statutes and claims at issue here, including prevailing on the merits and how to effectively structure pre-class certification discovery. That experience, along with their

substantial track record in this area more generally, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative classes.

### 3. Proposed Interim Class Counsel Will Continue to Commit the Resources Necessary to Represent the Class Effectively (Rule 23(g)(1)(A)(iv)

The final Fed. R. Civ. P. 23(g)(1)(A) factor, which concerns the resources that counsel will commit to the case, also strongly supports the appointment of Bursor & Fisher as Interim Class Counsel. Bursor & Fisher is a well-established law firm that has the resources and personnel necessary to pursue a case of this magnitude, as it has demonstrated in numerous similar class actions. Importantly, Bursor & Fisher has an office located within this District. Diaz Decl. ¶¶ 2, 10. As a result, the firm can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel to court hearings. Additionally, Bursor & Fisher has over 30 attorneys and the ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed classes. And because of its ample resources, Bursor & Fisher need not coordinate with other counsel to manage this case with sufficient resources. That too supports appointment of Bursor & Fisher as interim class counsel. *See In re Enzo Biochem Data Sec. Litig.*, 2023 WL 6385387, at *3 (E.D.N.Y. Sept. 29, 2023) ("Taking into consideration that committees can lead to substantially increased costs and the duplication of work, the Court finds it unnecessary to appoint an executive committee herein.").

Other courts have opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases. For instance, United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-0160 (E.D. Cal. Oct. 29, 2014). Diaz Decl. Ex. C. Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id.* at 3. Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to

doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id*. (citation omitted).

Bursor & Fisher has already demonstrated the will and ability to commit the necessary resources to ensure a strong and well-supported case on behalf of members of the proposed classes. The firm's resources are not merely financial but also include substantial expertise and work product developed in other similar cases which will benefit the proposed classes. Argument § 2, *supra*. Bursor & Fisher's ability to draw from this well-developed repository of information will also allow it to streamline and effectively handle the litigation.

## VI. CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs Joanna Bayer and Joshua Mokelu respectfully request that the Court appoint Bursor & Fisher as Interim Class Counsel.

Dated: September 15, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

/s/ *Ines Diaz Villafana*
Ines Diaz Villafana

Neal J. Deckant (State Bar No. 322946)
Ines Diaz Villafana (State Bar No. 354099)
Karen B. Valenzuela (State Bar No. 357231)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
idiaz@bursor.com
kvalenzuela@bursor.com

*Proposed Interim Class Counsel*